157 So.2d 83 (1963)
ONE HOUR VALET OF AMERICA, INC., A DELAWARE CORPORATION, APPELLANT,
v.
HERMAN KECK, JR., AND C.C. BATES, APPELLEES.
No. 3600.
District Court of Appeal of Florida, Second District.
October 16, 1963.
Rehearing Denied November 14, 1963.
Eugene C. Heiman of Myers, Heiman, Kaplan & Catsman, Miami, for appellant.
John W. Douglass and Thomas Thatcher, Fort Lauderdale, for appellees.
PER CURIAM.
This is an action for wrongful conversion. Appellant, One Hour Valet of America, Inc., hereinafter called "O H V A", was one of two defendants below. The remaining defendant, one C.C. Bates, had a default judgment rendered against him and has been named party appellee under Rule 3.11(a) Florida Appellate Rules, 31 F.S.A. Appellee Herman Keck, Jr. was plaintiff below. The case was decided by the court, without a jury, in favor of the plaintiff-appellee and against the defendant-appellant.
Simply stated, plaintiff attempted to enter into a franchise agreement with OHVA for use of a dry cleaning process owned by OHVA. Plaintiff made his check for the down payment payable to appellant's agent, Bates, who is alleged to have had apparent authority to accept the check. Bates absconded with the money and OH VA refused to go through with the franchise and refused to refund the money, hence the suit and judgment against OH VA and consequent appeal to this court.
Although three points were presented on appeal, the controlling point is whether the evidence as a whole was sufficient for the court to find that the agent had apparent or ostensible authority to accept the check; or in the alternative, whether appellant ratified its agent's activities by its own actions.
Whether acts are within the scope of an agent's apparent authority or whether the acts were ratified by the principal are determinable as questions of fact, and the findings will not be set aside unless clearly erroneous. Bogue Electric Mfg. Co. v. Coconut Grove Bank, C.A. 5, 269 F.2d 1; Bush Grocery Company v. Conely, 1911, 61 Fla. 131, 55 So. 867; cf. Stiles v. Gordon *84 Land Co., Fla. 1950, 44 So.2d 417. We have carefully reviewed the record and find no prejudicial error.
Affirmed.
KANNER, Acting C.J., and ALLEN and WHITE, JJ., concur.