161 So.2d 556 (1964)
G & M RESTAURANTS CORPORATION, a Foreign corporation not authorized to do business in the State of Florida, Appellant,
v.
TROPICAL MUSIC SERVICE, INC., Appellee.
No. 3917.
District Court of Appeal of Florida. Second District.
February 12, 1964.
Rehearing Denied March 19, 1964.
Lester J. Quartel, of Baker & Baker, Clearwater, for appellant.
L. David Shear, of Brown & Shear, Tampa, for appellee.
PER CURIAM.
This appeal is from an order entered by the trial court denying the defendant's motion to quash service of summons because of lack of jurisdiction over the person of the said defendant and because of the insufficiency of the service of process.
Service of process upon the appellant was made pursuant to Sections 47.16 and 47.30 of the Florida Statutes, F.S.A., on the theory that the corporate defendant was "doing business" within the State of Florida and was accordingly subject to substituted service of process upon the Secretary of State. The complaint alleges that the defendant was engaged in the cafeteria restaurant business in the State of Florida from about November 9, 1961, to some date later than August 1, 1962, during which time it entered into certain contracts with the plaintiff through its agents. With the motion to quash service of summons, the affidavit of W.F. Gregory, president of the defendant corporation, was filed. It stated, among other things, that the defendant, G & M *557 Restaurants Corporation, does not do and has never done business in Florida, and it does not and never has operated, engaged in or carried on a business venture in the State of Florida, and has never had any office or agency or telephone listing in the State of Florida, nor has the said corporation ever owned any property in the State of Florida.
The appellant's appendix contains copies of both of the contracts for the services for which Plaintiff Tropical Music Service, Inc., brought suit against the defendant. Both of these written contracts are signed in the name of G & M Cafeterias, by W.O. Eberly, Superintendent. There is no mention of the Georgia corporation. The only evidence that could possibly link the defendant with the transaction at all so as to constitute it as doing business in Florida occurred in the billing process. After the services had been performed by the plaintiff-appellee, plaintiff mailed separate bills to the two cafeterias in Florida; a short time later plaintiff received a post card stating:
 "Please Use The Following Address
 For Mailing Your Statements And
 Any Questions Or Difference You
 May Have.
 G & M Restaurants Corporation
 P.O. Box 13493
 Atlanta 24, Georgia."
The plaintiff did mail subsequent monthly bills to the Atlanta address, and the defendant paid the monthly statements for four or six months. However, when such payments were ceased, and the plaintiff wrote inquiring on the subject, plaintiff received a letter from the defendant's accountants in Atlanta, Georgia, which stated in part:
`G & M Restaurants Inc. of Florida operated the Cafeterias located at St Petersburg and Dunedin, Florida, and G & M Restaurants Corporation was not in any manner connected with this Florida Corporation."
There is also in the record a copy of a reply from the Secretary of State which indicates that G & M Cafeterias, Inc. of Florida, a Florida Corporation, was incorporated on June 26, 1961.
This court has on several occasions interpreted Sec. 47.16, Fla. Stat., F.S.A.; e.g., see Woodring v. Crown Engineering Co., Fla.App. 1962, 141 So.2d 816; and Forston v. Atlantic Engineering and Mfg. Corp., Fla.App. 1962, 143 So.2d 364, in which we quoted from McGee v. International Life Ins. Co., 1957, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223. We have also noted and followed the general increasing nationalization of commerce in keeping with the statement of the United States Supreme Court in the McGee case. Nevertheless, "* * * each case of this kind must be resolved on the basis of the facts revealed by the record in the particular case. * *" Wm. E. Strasser Construction Corp. v. Linn, Fla. 1957, 97 So.2d 458. And in each of the cases cited above there was some evidence upon which we could support our opinion and our finding of jurisdiction. In the instant case the only theory upon which the lower court can be sustained is the theory of agency or ratification. Keeping in mind that showing an agency relationship was a burden that the plaintiff carried, it is a question of whether or not such was established. And we find that there was no evidence before the court which tended to establish any sort of agency that is compatible with "doing business."
For the theory of ratification to come into play, the defendant must have had full knowledge of all of the facts. "Ratification as it relates to the law of agency is the express or implied adoption and confirmation by one person of an act or contract performed or entered into in his behalf by another without authority." 2 C.J.S Agency § 34; 3 Am.Jur.2d, Agency, Sec. 160; 1 Fla. Jur., Agency, Sec. 46; 1 F.L.P., Agency, Sec 45. However, "* * * it is ordinarily required that for a ratification of an unauthorized act or transaction of an agent to be valid and binding, the principal shall *558 have full knowledge, at the time of the ratification, of all material facts and circumstances relating to the unauthorized act or transaction, * * *." 2 C.J.S. Agency § 42; 3 Am.Jur.2d, Agency, Sec. 173. In speaking of ratification, it is universally held that "[i]t is always necessary, in order to have an effective ratification, that there shall be an intention on the part of the purported principal to ratify the act in question." 3 Am.Jur.2d, Agency, Sec. 170. "* * * Moreover, the required intention must be manifested in some way." 2 C.J.S. Agency § 44.
It would seem clear from the facts that the defendant never manifested any intention to confirm the contract in question. Further, there is no proof whatsoever that the defendant confirmed any act performed on its behalf as there was in fact no act done on its behalf. It is also clear that the defendant lacked full knowledge of the material facts and circumstances.
The Florida law on the subject of ratification has been too long established to be questioned. See Branford State Bank v. Howell Co., 1924, 88 Fla. 493, 102 So. 649; and Oxford Lake Line v. First Nat. Bank of Pensacola, 1898, 40 Fla. 349, 24 So. 480.
The facts in this case cannot possibly be construed so as to sustain the service of process on the defendant-appellant either through agency, ratification or otherwise.
Therefore, since the plaintiff has failed to meet the burden of proof cast upon it by the statute involved, the lower court must be reversed, and the defendant's motion to quash service of summons should be granted.
Reversed.
KANNER, Acting C.J., SHANNON, J., and BARKDULL, THOMAS H., Jr., Associate Judge, concur.