PER CURIAM.
We consolidate for purpose of review these appeals.
Marty’s Flying Service, Inc., the owner of several airplanes, was the insured under an aircraft insurance policy issued by defendant Insurance Company of North America (I.N.A.). This policy as written contained a “pilot warranty” clause, which specified that the in-flight coverage provided by the policy for a “Mooney Super 21” airplane, owned by Marty’s, did not apply unless the pilot had logged a minimum of forty hours flight time in aircraft with retractable landing gear. Marty’s had sought, and apparently thought it had obtained, a policy requiring only three hours check-out time on retractable landing gear aircraft, as opposed to forty hours flight time. The James H. Pruitt Agency, Inc., the insurance agency through which the policy had been issued, apparently also thought that the policy called for the pilot to have only three hours check-out time.
On November 26, 1967, the Mooney Super 21 owned by Marty’s crashed, killing several persons. I.N.A. denied coverage, on the ground that the pilot did not have the required forty hours flight time as provided by the pilot warranty clause. Subsequently, plaintiffs filed complaints for damages against Marty’s. I.N.A. refused to defend, and Marty’s did not defend these actions. Final judgment in case No. 71-348 was entered in favor of plaintiff Johns in an amount of $180,000. Final judgments were entered in favor of plain *170 tiff Ours for $120,000 in his individual capacity in case No. 71-347, and for $35,000 in Ours’ capacity as administrator of the estate of Polly Lou Ours in case No. 71-349.
Thereafter, in each of the instant cases, Marty’s assigned whatever cause of action it might have against I.N.A. for bad faith refusal to settle and refusal to defend to plaintiffs, and plaintiffs brought the instant actions against I.N.A. seeking damages in the amount of the particular judgment previously entered against Marty’s, and also seeking reformation of the insurance contract issued by I.N.A. to reflect a pilot warranty clause requiring three-hour check-out time rather than a forty-hour flight time requirement.
Each plaintiff filed a motion for summary judgment. Plaintiffs’ primary contention being that the Pruitt Agency, acting as I.N.A.’s agent, had agreed to provide coverage to Marty’s based upon a three-hour pilot check-out time, and that this agreement as a matter of law bound I.N.A. The forty-hour requirement in the written policy, it was contended, therefore constituted a mutual mistake by the parties and did not conform to the actual intention of Marty’s, as the insured, and the Pruitt Agency, as defendant’s agent.
The trial court determined that there were no genuine issues of material fact, and entered orders granting the respective motions for summary judgment.[1] The decretal portion of each judgment provided that the plaintiff should have and collect from I.N.A. the amount of the judgment previously rendered in favor of that plaintiff against Marty’s, plus interest. Orders were subsequently entered taxing attorneys’ fees and costs against I.N.A. These appeals then followed.
Reformation of an insurance contract may be had only where there is clear and convincing evidence, sufficient to overcome the strong presumption arising from the policy that it correctly expresses the intention of the parties. Coastal States Life Insurance Company v. Raphael, Fla.App.1966, 183 So.2d 274.
The existence of a genuine issue as to a material fact bars the granting of a summary judgment. Westchester Fire Insurance Company v. In-Sink-Erator, Fla.App. 1971, 252 So.2d 856; Brown v. Warren Wooten Ford, Inc., Fla.App.1971, 245 So.2d 268.
In the case sub judice specific fact issues exist as to the Pruitt Agency’s authority, actual or apparent, to enter into an agreement concerning the three-hour check-out time provision with Marty’s which would bind I.N.A., and as to whether in any event such an agreement was ratified by I.N.A. Cf. One Hour Valet of America, Inc. v. Keck, Fla.App.1963, 157 So.2d 83.
Accordingly, the summary final judgments entered in cases Nos. 71-347, 71-348, and 71-349 in favor of the plaintiffs are reversed. In view of the reversal of the summary final judgments in favor of plaintiffs, the orders taxing costs and attorneys’ fees are likewise reversed. The causes are remanded for further proceedings consistent with the views herein expressed.
Reversed and remanded.
CROSS, J., and DRIVER, B. J., Associate Judge, concur.
OWEN, J., concurs in conclusion.

. The text of each of these orders reflects that the order is in fact a summary final judgment, which is appealable. Compare Pompano Paint Co. v. Pompano Beach Bank & Trust Co., Fla.App.1968, 208 So.2d 162, 153.