370 So.2d 450 (1979)
CAROLINA-GEORGIA CARPET & TEXTILES, INC., a Florida Corporation, Appellant,
v.
Ernest J. PELLONI and Virginia Pelloni, His Wife, John P. Schlicher, an Individual, Sir James Carpets, Ltd., Appellees.
No. 77-1010.
District Court of Appeal of Florida, Fourth District.
May 9, 1979.
John W. Bellamy of Bellamy & Barnes, West Palm Beach, for appellant.
William S. Cross, Fort Lauderdale, for appellees.
MOORE, Judge.
Carolina-Georgia Carpet and Textiles, Inc., one of the defendants in the trial court, appeals from a final judgment in favor of the plaintiffs-lessors, Ernest J. and Virginia Pelloni, in the amount of $15,615.00 for past due rent on commercial premises.
The plaintiffs were the owners of commercial property which was subject to a lease in favor of Sir James Carpets, Ltd. and John Schlicher, personally. After the principals of Sir James Carpets, Ltd. departed, Mr. Schlicher continued to operate a carpet store at the subject premises. He was experiencing extreme financial difficulties and his lease was well in default. Schlicher approached Carolina-Georgia Carpet and Textiles, Inc. (hereinafter referred to as Carolina-Georgia) seeking a solution to his financial difficulties. This contact culminated in an agreement[1] whereby Carolina-Georgia agreed to continue advertising *451 its products on West Palm Beach Television channels and advise patrons of the availability of Carolina-Georgia products in Ft. Lauderdale. Schlicher was allowed to use the name "Carolina-Georgia Carpets at Ft. Lauderdale" in his business pursuits. Shortly after execution of the agreement, and without knowledge of Carolina-Georgia, Schlicher opened a corporate bank account in the name of Carolina-Georgia Carpets and Textiles, Inc. and assigned his lease on the subject premises to Carolina-Georgia Carpet and Textiles, Inc. Schlicher executed the assignment as assignor on behalf of Sir James Carpets Ltd. and also as assignee, signing as agent for Carolina-Georgia. The assignment was accepted by the plaintiff, Mr. Pelloni.
After the lease continued in default the plaintiffs sued Sir James Carpets, Ltd., John Schlicher and Carolina-Georgia Carpets and Textiles, Inc. Summary final judgments were entered against Sir James Carpets, Ltd. and John Schlicher and issue was joined by the answer filed by Carolina-Georgia Carpets and Textiles, Inc. which generally denied the allegations contained in the complaint and specifically denied the existence of any agency relationship with Schlicher and the assignment of the lease. This appeal is concerned only with the judgment against Carolina-Georgia Carpets and Textiles, Inc.
Throughout the trial, Carolina-Georgia denied that Schlicher was their agent or that they had authorized him to execute the assignment of the lease. They maintained, and there was no proof to the contrary, that they had no knowledge of Schlicher's assignment of the lease to Carolina-Georgia or of his use of their name in opening a corporate checking account. The plaintiffs attempt to sustain the judgment on theories of partnership by estoppel and agency by estoppel. We reject the partnership by estoppel theory and consider only the agency by estoppel theory worthy of comment.
The doctrine of agency by estoppel is similar to the doctrine of apparent authority such that there is no significant difference between them. In order to hold the principal liable it must be established (1) that the principal manifested a representation of the agent's authority or knowingly allowed the agent to assume such authority; (2) that the third person in good faith relied upon such representation; and (3) that relying upon such representation such third person has changed his position to his detriment. See 3 Am.Jur.2d, "Agency", § 75; Cawthon v. Phillips Petroleum Company, 124 So.2d 517 (Fla.2d DCA 1960).
In attempting to prove the elements of agency by estoppel plaintiffs relied solely upon proof of Carolina  Georgia's television commercials indicating their products were available at the Ft. Lauderdale store and that certain employees and/or agents of the lessors viewed those commercials. Assuming, without deciding, that such representations in the commercials were sufficiently material to warrant reliance thereon this argument has no merit. The record is totally void of any proof that the lessors, or the lessors' employees, relied on the commercials when they accepted the assignment of the lease. One employee testified that she did not know whether she saw the commercials before or after the acceptance of the assignment of the lease. Another testified that he did not know the date of the advertisement. Agency by estoppel requires proof of reliance upon the representations, and that, in turn, needs proof that the representations predated the action taken *452 in reliance. Such proof is totally lacking in the instant case.
Plaintiffs also contend that Carolina-Georgia ratified Schlicher's actions after the plaintiffs demanded past due rent from Carolina-Georgia. They suggest that such ratification is proved by Carolina-Georgia's acquiescence upon learning of Schlicher's actions. Thus, they argue that Carolina-Georgia did not take direct action to deny the demand for rent, but rather instructed Schlicher to straighten out the matter. This is hardly proof of ratification. Ratification of an unauthorized act may be express or implied from the conduct of the principal. It requires an affirmative showing of an intention on the part of the principal to ratify the act in question. By instructing Schlicher to straighten out the matter Carolina-Georgia clearly denied responsibility for Schlicher's acts.
All actions taken by Schlicher were without the knowledge of appellant. Schlicher assigned the lease, used appellant's name, opened a corporate checking account in appellant's name and paid the rent with the checks from that account. Appellant, Carolina-Georgia, never knew of any of this until receipt of the plaintiff's letter seeking past due rents. The plaintiffs failed to prove the existence of any agency relationship, either in fact or by estoppel, and have failed to prove that Carolina-Georgia ratified Schlicher's unauthorized actions. We note in passing that Schlicher assigned a lease, which was in default, both as assignor and assignee. Under these facts the plaintiffs were placed on notice that further investigation on their part was warranted.
The final judgment of the trial court is reversed and this cause is remanded with instructions to enter final judgment in favor of appellant.
REVERSED and REMANDED.
DOWNEY, C.J., and DAUKSCH, J., concur.
NOTES
[1] this serve as an agreement between John P. Schlicher, Sr. and Carolina-Georgia Carpet and Textiles, Inc., that Carolina-Georgia Carpets and Textiles, Inc. hereby gives permission to John P. Schlicher, Sr., to use the name Carolina-Georgia Carpets at Fort Lauderdale for the following purpose:
1. Advertisement
John P. Schlicher hereby agrees to the following stipulations:
2. John P. Schlicher Sr, and/or any of his agents shall be responsible for all debets [sic] and liabilities incurred by Carolina-Georgia Carpet at Fort Lauderdale and Carolina-Georgia Carpet & Textiles shall not be responsible for any debts and liabilities incurred by John P. Schlicher, Sr., or Carolina-Georgia Carpets at Fort Lauderdale.
3. John P. Schlicher hereby agrees to pay Carolina-Georgia Carpet & Textiles, Inc. one half of all profits that result from the sale of Carolina-Georgia Carpet at Fort Lauderdale."