SCHEB, Judge.
We have before us two appeals taken by John L. Seaman, Edward G. Miklas, Castle Realty, Inc., and Elegant Realty from two final summary judgments. One summary judgment was entered in favor of appellee Chapman & Associates, Inc. on the issue of appellants’ liability on a promissory note. The other was rendered in favor of appel-lees V.I.P. World Travel, Inc., Susan J. Buckmaster, and Robert Van Keuren (V.I.P.) on appellants’ claim seeking indemnity against Chapman’s claims. These appeals were briefed and argued separately with reference to a common record. Since the issues are related and arise from the same facts, we consolidate them for purposes of this opinion.
Chapman leased a building from A.M. Leach. On October 24, 1980, appellants entered into an agreement with Chapman, which provided they would make monthly payments of $152.81 in exchange for Chapman’s assignment to them of its leasehold interest in the premises. Under this document, entitled “Installment Sale,” there was a balance due of $10,650.
Thereafter, on December 1, 1980, appellants Seaman and Miklas executed and delivered to Chapman a promissory note for $10,650. The note mirrored the terms of the installment sale agreement, both providing for interest at twelve per cent per annum. The note incorporated two additional clauses. The first provided for acceleration of payments in the event of nonpayment of an installment; the second for payment of attorneys’ fees on default. Thus, as appellants assert, it appears that the promissory note essentially memorialized the obligation represented by the installment sale agreement. Appellants took possession of the premises and made the required monthly payments to Chapman through September 1982.
On September 20,1982, the owner of the leased premises entered into a two-year lease agreement with V.I.P. Paragraph 20 of that agreement, entitled “Assumption of Note,” provided that V.I.P. had “assumed payment of the unpaid balance of said Note to CHAPMAN.” A handwritten notation was added to this clause stating “during the term of this lease or any renewals or extensions thereof.”
Four days later, in recognition of appellants’ prior leasehold interest and their installment sale agreement with Chapman, V.I.P. also entered into an “Agreement to Pay Debt” with appellants. This document, signed by appellants and V.I.P. (but not by Chapman), provided that V.I.P. would make “all remaining payments under [the installment sale agreement] of October 24, 1980 ... ”, in exchange for appellants delivering possession of the leased premises to V.I.P. V.I.P. acknowledged the principal balance due Chapman was $9,471.80 and agreed to “hold harmless [appellants] from and against all claims and charges of [Chapman].” Finally, the *344 agreement stated that V.I.P. would pay Chapman “Three Thousand ($3,000.00) dollars on signing of this agreement.”
Although V.I.P. began making the required monthly payments to Chapman on October 1, 1982, the record indicates that Chapman never received the $3,000 V.I.P. agreed to pay. In January 1984, V.I.P. signed a lease termination agreement giving Barnett Bank possession of the leased premises in exchange for $20,000. V.I.P., however, continued to make the monthly payments through October 1984, the last month of its lease agreement with the owner.
When Chapman did not receive the monthly installment payment due November 1, 1984, it exercised its option to accelerate payment of the balance due on the promissory note and filed suit “on the note” against appellants for $8,708.36 plus interest. In its answer, appellants asserted five affirmative defenses: (1) assumption of risk; (2) laches; (3) estoppel; (4) accord and satisfaction; and (5) release. In addition, appellants filed a third-party complaint against V.I.P. seeking indemnification.
Chapman moved for summary judgment against appellants in the suit involving the promissory note. V.I.P. moved for summary judgment against appellants on their claim for indemnity. The trial court granted both motions. We affirm the summary judgment in Chapman’s favor; we vacate the summary judgment awarded V.I.P.
THE PROMISSORY NOTE
We first address the summary judgment granted Chapman on the promissory note. There is no issue as to the execution of the note or Chapman’s right to accelerate the amount due for nonpayment. Yet, appellants argue that their five affirmative defenses precluded the entry of summary judgment in Chapman’s favor.
To be entitled to a summary judgment, it was incumbent on Chapman to either disprove appellants’ defenses or establish the legal insufficiency of those defenses. Stewart v. Gore, 314 So.2d 10 (Fla. 2d DCA 1975). We think Chapman sustained this burden. The defense of assumption of risk is frivolous, and there is no record support for the defenses of lach-es, estoppel, and accord and satisfaction. Furthermore, despite appellants’ forceful argument that it established the defense of release, we think that defense also fails.
Before granting summary judgment, the trial court reviewed affidavits and depositions of Arthur Chapman, president of Chapman & Associates, Robert Van Keu-ren, vice president of V.I.P., and appellant Jack Seaman.
Arthur Chapman stated that on September 24, 1982, Jack Seaman advised Chapman that appellants had assigned their leasehold interest to V.I.P. Arthur Chapman at that time told Seaman that, although Chapman had no objection to V.I. P.’s making the monthly payments, appellants would not be released from their obligation to Chapman under the note.
Robert Van Keuren called Arthur Chapman shortly after appellants and V.I.P. signed the “Agreement to Pay Debt.” He inquired as to V.I.P.’s status as a substituted debtor and requested an extension of time for payment of the $3,000 specified in the agreement between V.I.P. and appellants. Van Keuren said that Arthur Chapman told him that “under no circumstances would Defendants, MIKLAS and SEAMAN, be released from their obligation under the Promissory Note,” and Chapman did not want V.I.P. “in the middle.” Arthur Chapman also told Van Keuren that Chapman could not object to postponement of the $3,000 payment because Chapman was not owed that amount under the terms of the promissory note.
Jack Seaman disputed Arthur Chapman and Van Keuren’s statements. He emphasized a telephone conversation that he had had with Arthur Chapman shortly after execution of the agreement to pay debt. Apparently, Seaman called Arthur Chapman to determine if he had received the $3,000 payment from V.I.P. Arthur Chapman told Seaman that he and V.I.P. had *345 discussed the $3,000 and made an arrangement for its payment. From this conversation, Seaman concluded that appellants were released from their obligations under the promissory note and the installment sale agreement. Seaman, however, was never able to say that Chapman actually agreed to release him. Therefore, appellants’ defense of release also is not supported by the record and the trial court was correct in entering the summary judgment in favor of Chapman.
THE INDEMNITY CLAIM
As noted, appellants were sued on the basis of the promissory note rather than the installment sale agreement. Yet, because both these documents were executed by the same parties and concerned the same transaction, they are subject to being construed together. See, e.g., International Ship Repair & Marine Services, Inc. v. General Portland, Inc., 469 So.2d 817 (Fla. 2d DCA 1985).
V.I.P. does not dispute that the agreement to pay debt it executed includes an indemnity clause in favor of appellants. However, it posits that summary judgment was appropriate because it demonstrated that it had fulfilled all of its obligations.
After reviewing the affidavits and depositions before the court, we disagree with V.LP.’s position. Rather, we find that Y.I.P. did not conclusively demonstrate as a matter of law that it had satisfied its obligation to indemnify appellants. For example, V.I.P. does not contend Chapman ever received the $3,000 payment V.I.P. agreed to pay. We perceive genuine issues of material fact exist as to whether V.I.P.’s obligation remains viable. Therefore, the trial court erred in entering summary judgment.
We think that several issues must be explored in light of the judgment in favor of Chapman which we have affirmed. For example, the trial court should resolve the issue raised by V.I.P. as to whether it assumed appellants’ obligation to Chapman only for the time V.I.P. was in possession of the leased premises. This will involve the interpretation of the agreement to pay debt and V.I.P.’s lease with the owner. If the court determines that V.I.P.’s obligation under the indemnity agreement remains viable, it must further determine whether by agreeing to indemnify appellants on the installment sale agreement, V.I.P. became obligated to them for damages, including attorneys’ fees, resulting from Chapman’s suit on the promissory note.
Accordingly, we affirm the summary judgment in Chapman’s favor but vacate the summary judgment awarded V.I.P. and remand for further proceedings consistent with this opinion.
GRIMES, A.C.J., and LEHAN, J., concur.