PARKER, Judge.
Universal Title Insurance Company (Universal) seeks review of a partial summary judgment granted in favor of NCNB National Bank of Florida (NCNB) on the issue of Universal’s liability under a title insurance commitment. We reverse. This appeal raises two issues involving the commitment agreement between the parties; we focus only on the issue that has merit.
NCNB extended financing to one of its customers and, as part of that transaction, obtained a commitment, effective July 9, 1984, for a loan policy of title insurance from Universal in the amount of $50,000. The customer was required to execute and deliver to NCNB a first mortgage on the real property as described in the commitment. Universal’s obligations under the commitment were to terminate upon the passage of three months from the effective date of the commitment or until the final title policy was issued, whichever occurred first.
NCNB complied with all the requirements of the commitment and closed on the loan, accepting mortgages on the parcels of property covered by the commitment. Thereafter, Barnett Bank (Barnett) commenced mortgage foreclosure proceedings against NCNB’s customer on one of the parcels subject to Universal’s title insurance commitment. As a result of this pro *737 ceeding, NCNB’s mortgage on that particular parcel was declared inferior to the Barnett mortgage and foreclosed.
Even though NCNB paid Universal the premium for the title policy, Universal chose not to issue the final insurance policy after it was notified by counsel for NCNB of the existence of a superior mortgage by Barnett, offering as its reason the fact that the commitment had lapsed by virtue of the passage of the three-month period.[1] NCNB filed a two-count complaint alleging Universal and NCNB entered into a commitment agreement to insure certain real property. The section of the commitment relevant to this appeal provides, under the heading of “Conditions and Stipulations,” that:
If the proposed Insured [NCNB] has or acquires actual knowledge of any defect, lien, encumbrance, adverse claim or other matter affecting the estate or interest or mortgage thereon covered by this Commitment other than those shown in Schedule B, hereof, and shall fail to disclose such knowledge to [Universal] in writing, [Universal] shall be relieved from liability for any loss or damage resulting from any act or reliance hereon to the extent [Universal] is prejudiced by failure to so disclose such knowledge....
(Emphasis added). After NCNB filed its complaint, Universal raised as an affirmative defense that NCNB had actual knowledge of the Barnett mortgage, which NCNB failed to disclose to Universal as required under the commitment agreement.
NCNB moved for summary judgment solely on the issue of Universal’s liability under the commitment, but never refuted or otherwise addressed, from an evidentia-ry standpoint, the issue of NCNB’s actual knowledge of the mortgage to Barnett. The affirmative defense of NCNB’s actual knowledge created a factual issue in the case which required NCNB to refute it by some contradictory evidence. It is apparent from the record that NCNB did not do so. To be entitled to a partial summary judgment, it was incumbent on NCNB either to disprove Universal’s affirmative de-. fense or establish the legal insufficiency of that defense. See Seaman v. V.I.P. World Travel, Inc., 487 So.2d 342 (Fla. 2d DCA 1986); Redding v. Powell, 452 So.2d 132 (Fla. 2d DCA 1984).
We find that NCNB failed to sustain that burden and, therefore, reverse the trial court’s entry of partial summary judgment as improper. The case is remanded to the trial court for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
SCHEB, A.C.J., and RYDER, J., concur.

. We agree with the trial court that Universal is estopped, as a matter of law, from asserting that the commitment had expired in view of Universal’s acceptance of the premium payment and its representations to NCNB, through its authorized agent, that the effective date of the commitment was being extended to allow for the issuance of the final policy. See Spurrier v. United Bank, 359 So.2d 908 (Fla. 1st DCA 1978).