603 So.2d 57 (1992)
DEUTSCHE CREDIT CORPORATION, Appellant,
v.
Thurman G. PENINGER and Claudia G. Peninger, Appellees.
No. 92-13.
District Court of Appeal of Florida, Fifth District.
July 24, 1992.
*58 Joryn Jenkins of Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, for appellant.
No Appearance for appellees.
DAUKSCH, Judge.
Deutsche Credit Corporation appeals an order denying its motion for summary judgment and dismissing its complaint against Thurman Peninger.
The facts show that Claudia Peninger signed both her name and her husband's name, Thurman Peninger, to a retail installment contract for the purchase of a tractor and later to a credit extension agreement. She told her husband that she had signed his name to the contract and to the extension agreement with Deutsche Credit Corporation, assignee of the retail installment contract. The Peningers used the truck for almost three years at which point they defaulted on their loan.
Deutsche Credit obtained a writ of replevin and eventually repossessed the tractor. It then sold the tractor and filed a motion for summary judgment against the Peningers seeking a deficiency judgment for the remaining balance. The trial court granted Deutsche Credit Corporation's motion for summary judgment as to Claudia Peninger and entered judgment in the amount of $34,532.61. It denied the motion for summary judgment as to Thurman Peninger and dismissed the corporation's complaint against him.
We reverse the trial court's dismissal of Deutsche Credit Corporation's complaint against Thurman Peninger and remand for further proceedings. The record in this case contains a genuine issue of material fact as to whether Thurman Peninger ratified his wife's signature on the retail installment contract and the extension agreement.
Ratification of an agreement occurs where a person expressly or impliedly adopts an act or contract entered into in his or her behalf by another without authority. Carolina Georgia Carpet & Textiles, Inc. v. Pelloni, 370 So.2d 450 (Fla. 4th DCA 1979). See also Port Largo Club, Inc. v. Warren, 476 So.2d 1330 (Fla. 3d DCA 1985); G & M Restaurants Corp. v. Tropical Music Service, Inc., 161 So.2d 556 (Fla. 2d DCA 1964). An agreement is deemed ratified where the principal has full knowledge of all material facts and circumstances relating to the unauthorized act or transaction at the time of the ratification. G & M, 161 So.2d at 558. See also Ball v. Yates, 158 Fla. 521, 29 So.2d 729 (1946), cert. den., 332 U.S. 774, 68 S.Ct. 66, 92 L.Ed. 359 (1947); Pedro Realty Inc. v. Silva, 399 So.2d 367 (Fla. 3d DCA 1981); Bach v. Florida State Bd. of Dentistry, 378 So.2d 34 (Fla. 1st DCA 1979). An affirmative showing of the principal's intent to ratify the act in question is required. Pelloni, 370 So.2d at 452. Moreover, the issue of whether an agent's act has been ratified *59 by the principal is a question of fact. One Hour Valet of America, Inc. v. Keck, 157 So.2d 83 (Fla. 2d DCA 1963). Because there remains a genuine issue of material fact as to whether Thurman Peninger ratified his wife's acts in the present case, the order of dismissal is reversed.
REVERSED and REMANDED.
PETERSON and GRIFFIN, JJ., concur.