PARKER, Judge.
Appellants, Falls at Naples, Ltd., a Florida limited partnership (Falls at Naples), Lawrence Lottenberg and Marilyn Lotten-berg, Michael J. Kozlowski and Kristy Koz-lowski, Stuart D. Roberts and Kathleen R. Roberts, Edward Wengler and Karen A. Wengler, Thomas R. Rowe and Judith Rowe, Don Seta, Eric B. Rothstein and Beverly Rothstein, and Jeffrey Kravet, seek review of the final summary judgment entered in favor of Barnett Bank of Naples, N.A. We reverse, concluding that Barnett Bank failed to establish the nonexistence of a genuine issue of material fact.
*101 Barnett Bank filed a six-count complaint seeking to foreclose three mortgages that it held on real property owned by Falls at Naples. Counts one, three, and five sought to foreclose Barnett Bank’s interest as a first mortgagee. In counts two, four, and six, Barnett Bank asserted actions for collection of sums due on promissory notes against Falls at Naples, Melvin A. Levine (the general partner of Falls at Naples), and the appellants who were limited partners. This appeal involves the summary judgment entered in Barnett Bank’s favor as to counts two, four, and six.
The appellants, as limited partners, had provided Melvin Levine written powers of attorney “including but not limited to executing any document or instrument affecting the interest in said property,” which was described as units in The Village Falls at Naples, Inc., a commercial condominium. Thereafter, Levine executed continuing and unconditional guarantees on three commercial promissory notes for the condominium property. Levine executed the guarantees in his name, and through the powers of attorney, in the names of each of the appellants.
When the appellants filed their answers to Barnett Bank’s complaint, they also filed thirteen affirmative defenses. We conclude that at least two of these defenses, conspiracy to defraud perpetrated by Levine and Barnett Bank and Barnett Bank’s breach of duty to exercise due care in accepting personal guarantees executed by use of powers of attorney, were not disproved by Barnett Bank in its affidavits filed relative to its summary judgment motion. Because Barnett Bank did not establish the nonexistence of a genuine issue of material fact by either disproving the affirmative defenses by evidence or establishing the legal insufficiencies of those defenses, we reverse the summary judgment. See Universal Title Ins. v. NCNB Nat’l Bank of Florida, 532 So.2d 736 (Fla.2d DCA 1988).
Reversed and remanded for proceedings consistent with this opinion.
RYDER, Acting C.J., concurs.
ALTENBERND, J., concurs specially.