608 So.2d 879 (1992)
Ernest A. KOTSCH, Appellant,
v.
Ernest C. KOTSCH, Individually and As Trustee of the "Kotsch Family Irrevocable Trust," Appellee.
No. 92-00415.
District Court of Appeal of Florida, Second District.
October 28, 1992.
Rehearing Denied December 10, 1992.
Stephen O. Cole and Margot Pequignot of McMullen, Everett, Logan, Marquardt & Cline, P.A., Palm Harbor, for appellant.
Elihu H. Berman of Krug, Berman & Silverman, P.A., Clearwater, for appellee.
THREADGILL, Judge.
Ernest A. Kotsch appeals a final judgment in favor of his son Ernest C. Kotsch, individually and as trustee of the Kotsch Family Irrevocable Trust. The father sued below for a declaration[1] that the Kotsch Family Irrevocable Trust is void. The son created the trust under a durable power of attorney[2] created by the father designating the son as his attorney-in-fact. The father contends that the trust is void because the son had no power of disposition over the father's property. We agree and reverse the final judgment.
The father created the durable family power of attorney on March 4, 1987, giving the son the power to manage and sell his father's real and personal property for the purpose of maintaining and caring for the *880 father during his lifetime. The power is revocable and confers upon the son no property interest or power to dispose of the father's property without consideration, by gift or otherwise.
At the time the father executed the power of attorney he was eighty-five years old and in good health. His wife of forty-five years had died ten years before, and he had been "keeping company" with a widow named Margaret Gradl for nine years, whom he married in 1991.
The testimony at trial revealed that the son began to feel that Ms. Gradl was attempting to alienate his father from him and was exerting a great deal of influence over him. The father's competence, however, was not at issue.
On October 25, 1990, the son acting under the power of attorney, but without the father's knowledge or consent, declared an irrevocable inter vivos trust to which he transferred $700,000, the bulk of his father's liquid assets. The trust instrument designates the son as trustee and the father, the grantor and initial beneficiary. The trust names the son's three children as additional beneficiaries with the right to withdraw a minimum of $5,000 a year from the trust principal and interest up to 5% of the trust assets not exceeding $10,000 a year. The trust provides for a testamentary disposition of the trust estate to the son (70%) and his three children (30%). It grants the son as trustee the right to terminate the trust at any time in the best interest of the beneficiaries, not including himself, and to distribute the income and principal "to the persons then entitled to receive the income therefrom, ..." The trust is irrevocable as to the father, the grantor.
Following trial, the judge entered judgment finding that the creation of the trust was a valid exercise of the son's authority under the durable power of attorney. The final judgment stated in part:
While the power "to create a trust" is not expressly conferred upon the agent in this case, the power to create the Trust arose as a necessary implication from the power "to do all acts necessary for maintaining my customary standard of living," expressly conferred by Article III, Paragraph A. of the Power of Attorney.
We find that the durable power of attorney, upon which the son relies for power to create the trust, confers no power of disposition over the father's property. A power of attorney creates the relationship of principal and agent between the one who gives the power and the one who holds it. Hodges v. Surratt, 366 So.2d 768, 773 (Fla. 2d DCA 1979). Powers of attorney are strictly construed. Falls at Naples, Ltd. v. Barnett Bank of Naples, N.A., 603 So.2d 100 (Fla. 2d DCA 1992) (Altenbernd, J., concurring). They will be held to grant only those powers that are specified and will be closely examined in order to ascertain the intent of the principal. Id. In the case of a durable power of attorney it is terminated only by revocation by a competent principal, by an adjudication of incompetence, or by the principal's death. § 709.08(2), Fla. Stat. (1985).
The clearly implied and expressed intent of the durable power of attorney is to provide for the father's maintenance and care. It does not authorize the son to create any other beneficial interests in the father's property. It grants only a power of sale which implies the sale will be for the benefit of the principal. Johnson v. Fraccacreta, 348 So.2d 570, 572 (Fla. 4th DCA 1977). A power to sell for such amount and on terms that seem proper does not confer a power to make a gift of the property or to transfer or convey it without present consideration inuring to the principal. Id.
Thus the son, in attempting to exercise a power of disposition over the father's property, exceeded the scope of the agency. In Hodges v. Surratt, 366 So.2d 768, 774 (Fla. 2d DCA 1978), this court found that the authority granted an attorney-in-fact under Florida law is to act for the benefit of the principal, not for the agent's benefit. The Hodges court stated:
We simply hold that under the circumstances of this case Mrs. Surratt's transfers of property as gifts to her husband *881 and the appropriation to her own use of the funds in the checking account were in violation of her fiduciary capacity in the absence of clear language to that effect in the document itself.
Id.
Moreover, it is the principal's intent that is controlling, not the agent's. See DeBueno v. Castro, 543 So.2d 393 (Fla. 4th DCA 1989). Therefore, the son's good intention notwithstanding, the transfer of assets to the trust was a breach of his fiduciary duty.
Not only did the son have no power to transfer the beneficial interest in the father's property, he had no power to convey legal title to himself as trustee. A power of attorney confers no authority to transfer the principal's property to the agent himself. Tanner v. Robinson, 411 So.2d 240, 241 n. 2 (Fla. 3d DCA 1982).
By divesting the father of legal title and many of the incidents of beneficial title, the son exceeded the scope of the power conferred upon him by the power of attorney. Any conveyance that exceeds the scope of the agent's authority is void. See In re Estate of Bell, 573 So.2d 57, 59 (Fla. 1st DCA 1990). We thus declare the trust void and reverse the judgment. We also reverse the order finding the son entitled to attorney's fees.
Reversed.
DANAHY, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] § 737.201, Fla. Stat. (1989).
[2] § 709.08, Fla. Stat. (1985).