633 So.2d 526 (1994)
Jeannette VAUGHN, Appellant,
v.
Richard BATCHELDER, Personal Representative of The Estate of Raymond Odem a/k/a Raymond Alexander Odem, Appellee.
No. 93-01941.
District Court of Appeal of Florida, Second District.
March 9, 1994.
*527 Jo Ellen Farnham, New Port Richey, for appellant.
Stephen D. Carle of Hodges & Carle, P.A., Zephyrhills, for appellee.
CAMPBELL, Acting Chief Judge.
We are asked here to determine whether the personal representative of this estate has a conflict with the estate such that he must be removed from that position under section 733.504(9), Florida Statutes (1989). The trial court, although troubled by some of the personal representative's actions, found that any conflict of interest between the personal representative and the estate was "apparent, but not real," and declined to remove him. Our review leads us to reverse the trial court and direct the personal representative's removal because we conclude that his conflict of interest may harm the estate otherwise.
Appellant Vaughn is the daughter of the testator, Raymond A. Odem. Appellee Batchelder, the personal representative, is Vaughn's son and Odem's grandson. On February 20, 1987, Odem executed his will, leaving, in paragraph two, his real property and mobile home to Vaughn, and setting up a trust, in paragraph three, as to the residue. The trust named a bank as the trustee and provided that Vaughn and Batchelder would each receive $5,000 per year from the trust and that the testator's granddaughter, Vicky Evans, would receive $1,000 per year. The trust was to terminate in ten years. The will named the drafter, Lester Bales, as personal representative.
On April 26, 1990, eight months before Odem died, he gave Batchelder a durable family power of attorney which granted him many powers, but not the power to make gifts. On August 29, 1990, Odem executed a codicil to his will in which he deleted paragraph two, whereby he had devised his real property and mobile home to Vaughn, and instead substituted a new paragraph two in which he granted Vaughn a life estate in the real property and mobile home, with the remainder to Batchelder and Evans. He further bequeathed to Vaughn and Evans all furniture and furnishings, and left his automobile to Evans. The codicil specifically republished and confirmed the other provisions of his earlier will, including the trust provisions.
After Odem's death on December 11, 1990, Lester Bales, the personal representative nominated by the will, declined to serve, and Batchelder petitioned for and was granted, on April 23, 1991, letters of administration. About six months later, Vaughn filed her verified petition to remove Batchelder as personal representative and for appointment of herself as successor personal representative, alleging that Batchelder's transfers of certain of Odem's accounts into joint tenancy status with himself before Odem's death, by means of the power of attorney, created a conflict of interest between Batchelder and the estate.
In its order refusing to remove Batchelder, the trial court found, inter alia, as follows:
1. Approximately $140,000 was transferred, by use of the power of attorney, from Odem's sole name to a joint tenancy with Batchelder before Odem's death. The transfers were made pursuant to the power of attorney.
2. Odem had the capacity to give the power of attorney and to make the transfers.
3. The power of attorney placed Batchelder in a fiduciary relationship with Odem.
4. "That there is no evidence that anything done by RICHARD BATCHELDER would be contrary to the wishes of the Decedent, but likewise, that there is no evidence that what was done was in fact in accordance with the wishes of the Decedent and that the Decedent's wishes are unclear except as to the results thereof."
*528 5. "That the actions of RICHARD BATCHELDER in transferring the funds to joint names is not incredible, or at least the reasons given for the transfers are not incredible, and are consistent with what would be a testamentary plan on behalf of the Decedent."
6. "That it is troubling to the court that a Power of Attorney was used rather than direct transfer by the Decedent and that it is also troubling that these transfers were made by the fiduciary and resulted in benefit to himself, and that in his capacity as Personal Representative, he would be the person to sue himself as attorney-in-fact if in fact the transfers were to be invalidated."
7. "That there is a clear conflict between RICHARD BATCHELDER's position as fiduciary under the Power of Attorney and as Personal Representative of the estate."
8. "That the court, however, specifically finds that there is no credible or reasonable evidence at this time to suggest that RICHARD BATCHELDER violated his duties as a fiduciary as attorney-in-fact, and hence any conflict is one that was apparent, but not real."
First, the court erred in finding that there was "no credible or reasonable evidence" that Batchelder had violated his fiduciary duty under the power of attorney. In fact, Batchelder had neither actual nor apparent authority under the power of attorney to transfer the funds.
Powers of attorney are to be strictly construed. Kotsch v. Kotsch, 608 So.2d 879 (Fla. 2d DCA 1992), rev. denied, 617 So.2d 319 (Fla. 1993). "They will be held to grant only those powers that are specified and will be closely examined in order to ascertain the intent of the principal." Id. at 880. Since the power of attorney here did not include the power to make gifts, and Batchelder gave gifts to himself by creating the joint tenancy status, Batchelder exceeded the power given him by the power of attorney. This created a conflict between his interest in keeping the funds and the estate's interest in preserving the funds. As observed in Kotsch, "[a] power of attorney confers no authority to transfer the principal's property to the agent himself," citing Tanner v. Robinson, 411 So.2d 240 (Fla. 3d DCA 1982).
Batchelder next argues that even if he did not have actual authority to transfer the funds, he had apparent authority because his grandfather ratified his acts by allegedly reviewing the accounts, thus implicitly approving the joint tenancy status. However, aside from the self-serving testimony of Batchelder, there is no evidence that Odem knew, much less ratified, the joint tenancy status of any but the Franklin Fund accounts. Ratification requires "an affirmative showing of an intention on the part of the principal." Carolina-Georgia Carpet & Textiles v. Pelloni, 370 So.2d 450 (Fla. 4th DCA 1979). We do not believe that Batchelder's statements create such an affirmative showing, without more, so as to dissipate the apparent conflict of interest.
Having concluded that Batchelder did not have either actual or apparent authority to transfer the funds as he did, we necessarily conclude that Batchelder should be removed as personal representative due to his apparent conflict of interest. In deciding whether a personal representative should be removed for a conflict of interest with the estate, the court's duty is to determine if the personal representative can properly represent the interests of the estate. Once the court here concluded that Batchelder would have to sue himself to protect the interests of the estate, it had an obligation to remove Batchelder as personal representative.
Although the court "is not obliged to remove a personal representative unless there is some tangible and substantial reason to believe that damage will otherwise accrue to the estate," that standard has been met here. Kolb v. Levy, 104 So.2d 874, 878 (Fla. 3d DCA), cert. denied, 108 So.2d 48 (Fla. 1958). There is a tangible and substantial reason to believe that damage may accrue to the estate because Batchelder, in holding the accounts as a joint tenant, has an interest that is adverse to the estate. As personal representative, Batchelder is required to protect the interests of the estate. Since the testator's will established a different distribution *529 scheme for the residue than Batchelder set up with his power of attorney, the estate interests are, at the least, potentially contrary to Batchelder's interests. To protect the estate interests as personal representative, Batchelder would be required to sue himself, an obvious conflict of interest. The trial court's finding that there is no evidence "at this time" that Batchelder's conflict of interest would adversely affect the estate is not a sufficient basis to preclude his removal as personal representative.
In reaching this conclusion, we observe that Batchelder was not the personal representative named in the will, but was a court-appointed successor personal representative, which position carries less weight than a personal representative appointed by the testator. Cf. Pontrello v. Estate of Kepler, 528 So.2d 441 (Fla. 2d DCA 1988) [executor derives powers from testator, not from court]; Comerford v. Cherry, 100 So.2d 385 (Fla. 1958) [testamentary guardian derives powers from testator, not from court].
Accordingly, we reverse the order denying the petition to remove Batchelder as personal representative and direct that Batchelder be removed as personal representative due to a conflict of interest with the estate.
SCHOONOVER and ALTENBERND, JJ., concur.