997 So.2d 600 (2008)
STATE of Louisiana, Appellee
v.
David Michael WEBBER, Appellant.
No. 43,570-CA.
Court of Appeal of Louisiana, Second Circuit.
October 22, 2008.
*601 Carey J. Ellis, III, for Appellant.
Paul J. Carmouche, District Attorney, Catherine M. Estopinal, Jason T. Brown, Assistant District Attorneys, for Appellee.
Before WILLIAMS, PEATROSS and DREW, JJ.
WILLIAMS, J.
The defendant, David Michael Webber,[1] was charged by bill of information with aggravated second degree battery, a violation of LSA-R.S. 14:34.7, and illegal use of a weapon, a violation of LSA-R.S. 14:94. The defendant pleaded guilty to aggravated second degree battery and was sentenced to serve eight years in prison at hard labor. For the reasons that follow, we affirm the defendant's conviction and sentence.

FACTS
On June 14, 2007, Caddo Parish sheriff deputies responded to a "9-1-1 hang-up" call made from the defendant's residence in Caddo Parish. Upon deputies' arrival at the residence, the victim, the defendant's live-in girlfriend, was found lying on *602 the floor unconscious and bleeding from her head. The victim had suffered substantial injuries, including loss of consciousness, and potential hearing and vision impairment.[2] The defendant, who was standing in the doorway of the residence when the deputies arrived, was advised of his Miranda rights and placed under arrest. He admitted to the deputies that he had stomped the victim. After being transported to the Caddo South substation, the defendant made several post-Miranda statements. He stated, "I beat the fuckin shit out of her." He also stated that he "stomped the shit out of her; I hope she's in the hospital."[3] At the guilty plea proceeding, the defendant further admitted that he used a weapon and his feet (work boots) to beat the victim until she was unconscious.
Witnesses reported that the defendant had fired four or five gunshots prior to "busting down the door" to the victim's trailer. The deputies retrieved a Marlin 22 rifle from the residence.
The defendant was charged by bill of information with aggravated second degree battery, a violation of LSA-R.S. 14:34.7, and illegal use of a weapon, a violation of LSA-R.S. 14:94. Pursuant to a plea bargain agreement, he entered a plea of guilty to aggravated second degree battery.[4] The trial court sentenced the defendant to serve eight years in prison at hard labor. The trial court denied the defendant's motion to reconsider the sentence. This appeal followed.

DISCUSSION
The defendant contends the sentence imposed by the trial court is "unduly harsh and excessive." He argues that he was 27 years old at the time of the offense and a prolonged incarceration "is an undue hardship upon [his] four year old child." He also argues that he is a first felony offender and does not have a "serious criminal history."
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, XXXX-XXXX (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Article 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App.2d Cir.1/28/04), 865 So.2d 284, writs denied, XXXX-XXXX (La.3/11/05), 896 *603 So.2d 57 and 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir. 12/13/06), 945 So.2d 277, writ denied, XXXX-XXXX (La.9/28/07), 964 So.2d 351; State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385.
Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La. 1992); State v. Robinson, 40,983 (La. App.2d Cir.1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
Aggravated second degree battery is punishable by a fine of not more than $10,000, imprisonment with or without hard labor for not more than 15 years, or both. LSA-R.S. 14:34.7. In this case, prior to accepting the defendant's guilty plea, the trial court informed the defendant of the sentencing exposure, and the defendant indicated that he understood.
It is clear that the trial court took cognizance of the provisions of LSA-C.Cr.P. art. 894.1. The court discussed at length both the facts and circumstances surrounding this "outrageous" crime of violence and the testimony and evidence presented that was pertinent to sentencing, including the severity and permanent nature of the victim's injuries. The court pointed out that, based upon the evidence, the defendant could have been charged with and convicted of attempted second degree murder. The court also expressed great concern with regard to the defendant's pattern of violence toward the victim and his statements to officers that he should have killed her. The court's statements indicate that consideration was given to the defendant's age and family background, the support shown for him from the community and the victim's testimony that she did not want the defendant to be incarcerated. The court noted the defendant's first felony offender status, but pointed out his prior arrests for domestic battery.
After reviewing the record, we do not find constitutional error in the defendant's sentence of eight years at hard labor. The defendant received substantial benefits as a result of the plea bargain agreement. We do not find that the sentence imposed was grossly disproportionate to the severity of the offense or shocking to our sense of justice.
We have examined the record for error patent and found none.

CONCLUSION
For the foregoing reasons, we affirm the defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] The defendant's name also appears in the record as David Michel Webber.
[2] The medical records indicate that the victim was hospitalized from June 14, 2007 until June 29, 2007. She was treated in the intensive care unit for four days.
[3] The defendant also informed the deputies that he had beaten the victim with barbed wire the previous night. The record contains a police report from June 13, 2007, showing that deputies had responded to a "family trouble call" at the defendant's residence. The victim reported that the defendant had "punched her on the side of her face" with a closed fist, dragged her by her hair and destroyed several items. The deputies observed that the victim had a "bursted" lip and swelling on her face. The victim refused first aid treatment.
[4] The state dismissed the weapons charge, but there was no agreement with regard to the sentence.