# Third District Court of Appeal

### State of Florida

Opinion filed September 28, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2222
Lower Tribunal No. 12-23112
_____

**Luis Antonio Nieto Villamizar a/k/a Luis Nieto,
individually and as Attorney in Fact,**
Appellant,

vs.

**Luna Developments Group, LLC, etc., et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Glass Law Office, P.A., and Lisa Paige Glass (Boca Raton); Phillip T. Crenshaw (West Palm Beach), for appellant.

GrayRobinson, P.A., and Juan C. Martinez, for appellees.


Before SHEPHERD, ROTHENBERG, and LOGUE, JJ.

SHEPHERD, J.

Appellant, Luis Antonio Nieto Villamizar, appeals from the dismissal of several counts of his complaint seeking to recover on promissory notes against Appellees, Luna Developments Group, LLC, and/or Bal Harbour Quarzo, LLC. For the reasons which follow, we reverse.

Mr. Nieto filed an eight-count complaint to recover monies due on eight separate promissory notes given either by Luna Developments or Bal Harbour to Mr. Nieto or members of Mr. Nieto's family. Counts I and II asserted claims for promissory notes where Mr. Nieto is the lender in his individual capacity. In the remaining counts, Counts III through VIII, Mr. Nieto set forth claims, as Attorney in Fact, for promissory notes where the lenders are various members of his family, all of whom live outside the United States. Mr. Nieto attached to the complaint copies of each promissory note, together with the Specific Family Power of Attorney executed by each family member. Each Power of Attorney specifically authorized Mr. Nieto to collect the sum of money owed under the promissory note for the family member. The promissory notes contained the following language, which barred the assignment or transfer of the notes without the maker's prior written consent: "Payee may not pledge, assign, sell or otherwise transfer its right, title and interest in, to and under this Note, without the prior written consent of the Maker, which shall not be unreasonably withheld . . . ." Based on this provision, the trial court dismissed Counts III through VIII of the complaint. We conclude

2

the trial court erred in determining that the Powers of Attorney, giving Mr. Nieto the right to collect the sums due under the promissory note on behalf of the owner, constituted an assignment or transfer of the note.

A Power of Attorney is "a writing that grants authority to an agent to act in the place of a principal." § 709.2102(9), Fla. Stat. (2015). Thus, it "creates the relationship of principal and agent between the one who gives the power and the one who holds it." Kotsch v. Kotsch, 608 So. 2d 879, 880 (Fla. 2d DCA 1992). The agent acts on behalf of the principal under the express authority granted in the Power of Attorney. Under the Powers of Attorney at issue in this case, Mr. Nieto acted as an agent of the principals, the owners of the notes, to collect the sums due for the owners, not to appropriate those sums to himself. Accordingly, the owners of the notes never assigned nor transferred their ownership interests in the notes in violation of the note provisions.

For this reason, we reverse the dismissal of Counts III through VIII, and remand the case for further proceedings in accordance with this opinion.

Reversed and remanded.

3