DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CARL J. DOMINO,**
Appellant,

v.

**RANDY NIELSEN** and **PUBLIC CONCEPTS, LLC,**
Appellees.

No. 4D20-986

[June 23, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Janis Brustares Keyser, Judge; L.T. Case No. 50-2016-CA-007959-XXXX-MB.

Carl Domino, Jupiter, pro se.

Ricardo A. Reyes and Sacha A. Boegem of Tobin & Reyes, P.A., Boca Raton, for appellees.

PER CURIAM.

We affirm the trial court's detailed final judgment for appellees in appellant's suit for breach of fiduciary duty and negligent misrepresentation. We discuss only the court's findings with respect to the claim of breach of fiduciary duty. Competent substantial evidence supported the affirmative defenses raised by appellees.

Appellees had negotiated with a third party for fundraising services to be provided to appellant's political campaign. The contract consisted of an email to the third party with the terms of employment, which email was copied to both the appellant and his campaign manager. Appellant terminated the services, and the third party sued the appellant on the contract, but appellant eventually prevailed. Appellant then sued appellees for breach of fiduciary duty, claiming that appellees had no authority to enter into the contract with the third party. He claimed as damages his costs in defending the suit with the third party.

After a full trial, the court did not determine whether a fiduciary duty existed, noting that the evidence was in dispute as to whether appellant

had authorized appellees to negotiate with the third party for the terms included in the email. The court instead found that, regardless of whether appellant had specifically authorized appellees to negotiate the contract in question, appellant had ratified, waived, and was estopped to contest the email contract. The court found that appellant was copied on the employment contract email and subsequently received it five more times. Neither appellant nor his campaign manager objected to its contents. Finding that appellant had a duty to speak if he objected to the contents, the court determined that the affirmative defenses of ratification, waiver, and estoppel had been proved.

Both at trial and on appeal, appellant argues that as a principal he could not be charged with knowledge of the agreement entered into by appellees, because he was very busy and did not read any of the emails containing the contractual provisions. Thus, he claims he did not have actual knowledge of the contract terms necessary for ratification. *See Deutsche Credit Corp. v. Peninger*, 603 So. 2d 57, 58 (Fla. 5th DCA 1992) ("Ratification of an agreement occurs where a person expressly or impliedly adopts an act or contract entered into in his or her behalf by another without authority.").

As did the trial court, we reject the appellant's contention of lack of actual knowledge. "'Actual notice' is also said to be of two kinds: (1) Express, which includes what might be called direct information; and (2) implied, which is said to include notice inferred from the fact that the person had means of knowledge, which it was his duty to use and which he did not use, or, as it is sometimes called, 'implied actual notice.'" *Sapp v. Warner*, 141 So. 124, 127 (Fla. 1932) (citations omitted). "The principle applied in cases of alleged implied actual notice is that a person has no right to shut his eyes or ears to avoid information, and then say that he has no notice; that it will not suffice the law to remain willfully ignorant of a thing readily ascertainable by whatever party puts him on inquiry, when the means of knowledge is at hand." *Id.* (citations omitted).

Appellant received the first email setting forth the terms of the contract negotiated with the third party and five more emails including its terms. That he claimed he was too busy to read them does not defeat the fact that he had implied actual notice of it. Moreover, his campaign manager, who did have authority to enter into contracts of employment for the campaign, actually opened the email and replied to it, albeit on other matters. There was competent substantial evidence to support the trial court's determination that appellees had proved their affirmative defenses of ratification, waiver, and estoppel.

*Affirmed.*

WARNER, KLINGENSMITH, JJ., and ROBINSON, MICHAEL A., Associate Judge, concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***