12 N.J. Super. 380 (1951)
79 A.2d 724
THE PLAINFIELD TRUST COMPANY, EXECUTOR AND TRUSTEE UNDER THE WILL OF JOHN H. SANBORN, DECEASED, PLAINTIFF,
v.
MARGARET C. DIEM, ROLLAND S. DIEM AND ANNE DIEM, HUSBAND AND WIFE, PHYLLIS G. FLURY AND FRANK FLURY, HER HUSBAND, AND MALCOLM Q. DIEM, SINGLE. DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided March 15, 1951.
*381 Mr. George L. Feaster, attorney for plaintiff.
Mr. H. Douglas Stine, attorney for defendant, Margaret C. Diem.
*382 Mr. William J. McCormack, attorney for defendants, Rolland S. Diem and Anne Diem, his wife, Phyllis Gordon Flury and Frank Flury, her husband, and Malcolm Q. Diem.
STEIN, J.S.C.
John A. Sanborn died August 16, 1948, leaving a last will and testament duly probated November 23, 1948. His wife, Mary A. Sanborn, predeceased him and died on February 16, 1945. Decedent appointed The Plainfield Trust Company as executor and trustee of his will with power and authority to sell and convey any real estate of which he died seized. The only real estate of which he died seized was his residence in Plainfield.
The will provided that his wife, Mary A. Sanborn, was to receive his entire estate if living at the time of his death. In the event his wife predeceased him, the rest, residue and remainder of his estate was to go to his trustee in trust (a) to invest and reinvest the same and pay the income to his daughter, Margaret C. Diem, "for and during her natural life, and at her death to divide the estate then remaining in equal shares among the children of Margaret C. Diem, and if any of them be deceased leaving issue surviving, then the share of such deceased child shall go to and be divided among the issue of such deceased child." His trustee was given "absolute discretion," full power and authority to use the principal of the trust fund as may be necessary "to meet any emergency or extraordinary circumstances or for the comfortable support and maintenance of said daughter, Margaret C. Diem, and her children."
Decedent's real estate is of the value of $6,700. The defendants in these proceedings are the decedent's daughter, Margaret C. Diem, and her children Rolland S. Diem and his wife Anne Diem, Phyllis G. Flury and Frank Flury her husband, and Malcolm Q. Diem.
The allegations of the complaint and amended complaint are admitted and the case is submitted for decision on the pleadings.
The trustee requests instructions (a) whether the executor *383 and trustee may sell the real estate to meet what in the complaint is set forth to be extraordinary circumstances; and (b) whether the trust may be terminated since the defendants consent to the termination of the trust; and (c) whether the trustee, because of the emergency and extraordinary circumstances may convey the premises to Margaret C. Diem and her children.
The complaint alleges the emergency and the extraordinary circumstances to be that the estate owes Margaret C. Diem who occupies the real estate $2,663.77 as of March 6, 1951, for expenses incurred in decorating and repairing the real estate. Margaret C. Diem resides in the house and pays the trustee $30 rent monthly.
The executor and trustee may sell the real estate under its discretionary power. The trust may not be terminated even though Margaret C. Diem and her children join in the prayer that such may be done, since under the will it is provided that if any of the children of Margaret C. Diem "be deceased leaving issue surviving, then the share of such deceased child shall go to and be divided among the issue of such deceased child." Persons not yet in being have an interest. Nor may the trustee convey the premises to Margaret C. Diem and her children which would, under the circumstances, in effect accomplish the desire to terminate the trust.
The estate is not possessed of personal property. The daughter has paid in rent $930 since September, 1948, at the rate of $30 a month apparently in order to put the trustee in funds to pay the taxes assessed from time to time against the property, and paid in addition the sum mentioned for decorating and repairing the property. In the orderly administration of the trust, the trustee would have been obliged to expend this money if there had been any personal estate.
If and when the real estate is disposed of Margaret C. Diem is entitled to be reimbursed.
Judgment in accordance with the foregoing.