**In the Matter of the Trust Created by Maud H. SCHROLL for the Benefit of Laurence H. Dorcy, Jr. on March 16, 1969.**

**Laurence H. DORCY, Jr., primary life beneficiary, Appellant,**

v.

**The FIRST TRUST COMPANY OF ST. PAUL, Trustee, Respondent,**

**J. Neil Morton, guardian ad litem, Respondent.**

**No. 50094.**

Supreme Court of Minnesota.

Sept. 5, 1980.

Murnane, Murnane, Conlin & White and John Hirte, St. Paul, for appellant.

Doherty, Rumble & Butler and Irving Clark, St. Paul, for respondent First Trust Co. of St. Paul.

J. Neil Morton, pro se.

Briggs & Morgan and Steve Brand, St. Paul, for respondent Morton.

Heard before OTIS, PETERSON, and TODD, JJ., and considered and decided by the court en banc.

OTIS, Justice.

The relief here sought by a trust settlor and her designated beneficiaries is first, the revocation of a provision in the trust requiring successor trustees to be corporate trustees; second, the removal of the present corporate trustee; and third, the appointment of an individual successor trustee. The respondent trust company has petitioned the trial court for an order "Instructing the Petitioner as to the proposed amendment and approving or disapproving the proposed amendment and the appointment of the successor trustee."

Pursuant to Minn.Stat. § 501.36 (1978), the court appointed a guardian ad litem to represent the interests of unknown and unascertained beneficiaries. The guardian opposed the revocation and after a full hearing the court refused to approve of the revocation and denied the petition to appoint a successor trustee. The primary life beneficiary appeals. We affirm.

On March 26, 1969, Maud Hill Schroll created separate trusts in the names of her four children, appellant Laurence H. Dorcy, Jr., Sheilah Dorcy, Susannah Schroll, and J. Christopher Schroll. The terms of the trusts are identical. The trust that is the subject of this litigation was designated the "Laurence H. Dorcy, Jr. 1969 Trust."

The trust instrument provides at the sole discretion of the trustee that income and corpus are payable to appellant or to any other of settlor's issue during appellant's lifetime. The trustee is directed to "consider primarily the interests of Laurence H. Dorcy, Jr."

Upon appellant's death the remainder is to be distributed among settlor's descendants and their spouses as appellant directs by special testamentary power of appointment. In default of the power, the trust is to continue in favor of appellant's issue until the youngest of them attains or would have attained the age of thirty, at which time the remainder is to be distributed to such issue in equal shares per stirpes. If there be no living issue of appellant, the property is to be distributed to his three siblings or their issue. If no one should survive to take under any of these alternatives, the property goes to a named charity.

The First Trust Company of St. Paul was named trustee by the settlor. The trustee may resign at any time by providing notice as specified in the trust instrument. The trustee may be removed by the unanimous action of those entitled to receive notice of the trustee's resignation as set forth in section 7(a) as follows:

The Trustee may resign at any time by delivering written notice of such resignation to the Grantor and Laurence H. Dorcy, Jr., or the survivor of them, if neither of them shall then be living, to Sheilah Dorcy, Susannah M. Schroll and J. Christopher Schroll; or if none of them shall then be living, to the beneficiaries then entitled to receive income hereunder. The Trustee may be removed at any time by the unanimous action in writing of the persons (other than the Grantor) entitled to receive written notice of resignation of the Trustee if the Trustee were to resign at said time.

Regarding any successor trustee, section 7(c) of the trust instrument provides:

Any successor Trustee shall be a corporation subject to State or Federal banking supervision, with a capital and surplus of not less than One Million Dollars, and which has been engaged in the business of administering trusts for at least ten years.

As to amendments of the trust instrument, section 9 provides:

The Grantor has carefully considered the desirability of reserving the right to modify, amend or revoke the trust hereby created, and now declares that such trust shall not be subject to revocation or amendment in any particular.

The trust income has been regularly paid to appellant, and portions of the corpus have also been distributed to him from time to time. No distributions have been made to any other person.

Appellant wishes to relocate the trust to California, have his father appointed trustee, and diversify the trust investments to include art, realty, and precious metals. To this end an amendment to the trust instrument revoking section 7(c) was executed by settlor and her four children. The consent of J. Christopher Schroll's spouse and that of the named charity, the only other *existing* parties with an interest in the trust, has also been obtained.

■ When settlor established this trust, she could have retained the power to revoke or modify it instead of expressly renouncing that prerogative.[1] A settlor who has not reserved such a power cannot unilaterally invoke it. *Restatement (Second) of Trusts*, §§ 330–333 (1959) [hereafter *Restatement*]. Nevertheless a trust may be modified where the settlor and all beneficiaries agree. *In re Warner's Trust*, 263 Minn. 449, 456–57, 117 N.W.2d 224, 229 (1962).

■ Appellant contends that modification should be permitted where the settlor and all *living* beneficiaries are in agreement, urging us to adopt the New York principle that persons not in existence are not "beneficially interested" so as to constitute necessary parties to its modification or termination. *See In re Peabody*, 5 N.Y.2d 541, 186 N.Y.S.2d 265, 158 N.E.2d 841 (1959); *Thatcher v. Empire Trust Co.*, 243 A.D. 430, 277 N.Y.S. 874 (1935).

However, the New York rule is based on the interpretation of New York statutes and runs contrary to the common law rule under which unborn issue may be beneficiaries of a trust. *See Restatement* § 127. Our statutes comport with the common law and recognize that a party "unascertained or not in being" may be a party interested in a trust. *See* Minn.Stat. § 501.36 (1978).

Here, the settlor created future interests in favor of the issue of appellant and his siblings. *See* 1 L. Simes & A. Smith, *The Law of Future Interests* § 1 (2d ed. 1956). While the interests of unborn beneficiaries are contingent, id. §§ 152, 153, they may not be disregarded.[2]

■ We do not feel at liberty in this case to override the wishes of the guardian of unborn children however remote their interests may be. Accordingly we hold that the following rule cited by Professor Scott with respect to revocation applies to this modification as well: "If some of the beneficiaries refuse to consent to the revocation of the trust, or are under an incapacity, or are not ascertained, or are unborn, the settlor cannot revoke the trust although the other beneficiaries consent." 4 A. Scott, *The Law of Trusts* § 340 at 2700 (3d ed. 1967). *See also Plainfield Trust Co. v. Diem*, 12 N.J.Super. 380, 79 A.2d 724 (1951); *National City Bank of Cleveland v. Ford*, 36 Ohio Misc. 60, 299 N.E.2d 310 (1973); *Clayton v. Behle*, 565 P.2d 1132 (Utah 1977); *Restatement* § 340 & comments a, d; G. Bogert, *The Law of Trusts and Trustees* § 1007 at 539–40 (2d ed. 1962).

There may be situations where the refusal of a guardian ad litem to approve the amendment of a trust instrument is arbitrary or capricious or patently contrary to the best interests of unborn beneficiaries. We are not to be understood as holding that

---

1. The power to revoke and the power to modify a trust are coextensive unless an express provision in the trust provides otherwise. *See Restatement (Second) of Trusts*, §§ 330, 331, 338 & comments a, h (1959); 4 A. Scott, *The Law of Trusts* § 331 at 2618 (3d ed. 1967).

2. The parties have discussed the Rule in Shelley's Case. The Rule has no relevance to this case. It has been abolished in this state with respect to realty, Minn.Stat. § 500.14 subd. 4 (1978), and it has no application to personalty. 1 L. Simes & A. Smith, *The Law of Future Interests* § 367 (2d ed. 1956). Even if the Rule applied to personalty, this trust would still be outside the Rule since the Rule operates technically and only applies where remainders are given to "heirs." 4 id. § 1544. The remainders in this trust are given to "issue." *See* O. Browder, Jr., L. Waggoner & R. Wellman, *Family Property Settlements* § 4–86 (2d ed. 1973.)

a guardian's power to veto is absolute. But where there are sound and rational policy reasons for withholding consent, courts should be slow to second guess the judgment of an experienced and knowledgeable surrogate such as we have here.

In reaching this conclusion we are fortified by the fact that the settlor herself elected to forego the right to modify, amend, or revoke the trust at the time the instrument was drafted. Nor do we find any compelling reason for substituting a nonprofessional individual trustee for the expertise of a corporate trustee which is subject to state and federal banking supervision, capitalized for not less than $1 million and engaged in business for at least ten years—as the trust instrument now requires.

If the settlor and present beneficiaries wish to appoint a qualified corporate successor trustee in California, the guardian ad litem concedes they have a right to do so. Paragraphs (a) and (b) of section 7 of the trust instrument so provide.

Affirmed.

AMDAHL, J., not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.