819 P.2d 1029

**In the Matter of the MARITAL TRUST UNDER the JOHN W. MURPHEY AND HELEN G. MURPHEY TRUST,**

**Indenture dated January 12, 1959, as Amended and Restated in its entirety on July 6, 1973.**

**Patricia Murphey ADAMS, Appellant,**

**v.**

**The JOHN AND HELEN MURPHEY FOUNDATION, and John G. Payson and Arthur R. Tanner, Trustees of the Marital and Residual Trusts created by Indenture Dated January 12, 1959, as amended and restated in its Entirety on July 6, 1973, Appellees.**

**No. 2 CA–CV 91–0068.**

Court of Appeals of Arizona, Division 2, Department A.

Oct. 10, 1991.

Emily Wolitzky and Sidney F. Wolitzky, Tucson, for appellant.

Lesher & Borodkin, P.C. by Robert O. Lesher, Tucson, for appellee John and Helen Murphey Foundation.

William R. Poston and Streich Lang, P.A. by Jeffrey Willis and Kim Zack, Tucson, for appellees Trustees John G. Payson and Arthur R. Tanner.

OPINION

LACAGNINA, Presiding Judge.

In this appeal, we affirm the judgment of the trial court granting partial summary judgment in favor of the trustees and the John and Helen Murphey Foundation based upon its finding, as a matter of law, that the trust indenture dated January 12, 1959, as amended on July 6, 1973, did not permit Helen Murphey to delegate her personal power to amend or revoke the trust. Sum-

mary judgment was proper because the trial court's finding is supported by the uncontradicted express language of article one, part D, of the amended trust indenture, which states that "[t]he powers reserved by the settlors, or either of them, are personal and shall not be exercisable by any guardian or other personal representative."

On October 15, 1987, Helen G. Murphey, the surviving settlor, executed a durable, general power of attorney appointing Patricia Murphey Adams as her attorney-in-fact. On October 26, 1989, Patricia was appointed as guardian/conservator for Helen G. Murphey with a court-ordered restriction that she not effect changes to the trust documents over which Helen Murphey retained control without court approval. From October 18, 1989, to November 8, 1989, Patricia, acting under the power of attorney, attempted six modifications of the amended trust indenture. One of the modifications was to delete the forfeiture or "in terrorem" clause which would disinherit her for her attempts to remove the trustees (this issue has been reserved for later disposition by the trial court), and another revoked Helen's prior amendment which distributed a substantial gift to the John and Helen Murphey Foundation by changing the distribution equally to the Robert Murphey Trust and the Patricia Murphey Groom Adams Trust. Other attempted amendments involved the trustees' accounting procedures, termination of trustees and revocation of the trustees' indemnitee agreements.

On November 20, 1989, the trustees filed the petition leading to this appeal to determine the validity of Patricia's attempted modifications of the amended trust indenture as an exercise of her power of attorney. The petition requested the trial court invalidate Patricia's acts as being beyond the scope of authority granted her by Helen in the power of attorney and because Helen's reserved power to amend the trust was personal and could not be transferred by the execution of the power of attorney.

■ The ability to amend or revoke the trust is governed by its express terms.

John and Helen Murphey, the settlors of the trust, reserved to themselves *personally* the power to amend or revoke the trust and its provisions. This personal right can only be exercised by the person or persons to whom the power is given by the trust document and is *not transferable.*

In the absence of express direction to the contrary, the power to revoke is personal to the settlor, when reserved to him, and does not pass to his successors in interest on his death, nor is it transferable by him.

Bogert, *The Law of Trusts and Trustees* § 1000 at 322 (2d ed. 1962); *Weatherly v. Byrd,* 566 S.W.2d 292, 293 (Tex.1978); *Webb v. St. Louis County National Bank,* 551 S.W.2d 869, 878 (Mo.App.1977); *Matter of Schroll,* 297 N.W.2d 282, 284 (Minn. 1980).

■ Patricia argues the language of the amended trust indenture does not preclude her from amending the trust because she, acting as attorney-in-fact, was not acting as guardian/conservator or as a personal representative. We disagree. The basic principles of trust law prohibit the transfer to anyone, including one with the power of attorney, when the right to amend or revoke is reserved personally by the settlors. In addition, the term "personal representative" used by the settlors in the trust instrument includes, by necessity because this is a living trust, those who could act as agents for the settlors. Upon the death of the surviving settlor, the trust is terminated, and no representative, agent, administrator or executor could postmortem amend or revoke the trust. The terms used in the trust document include Patricia, who concedes and argues she was her mother's agent through the power of attorney when she attempted to modify and alter the provisions of the trust. An agent is always a representative, Restatement (Second) of Agency § 1 comment b (1984); *Sunset Milling & Grain Co. v. Anderson,* 39 Cal.2d 773, 249 P.2d 24 (1952); *Whitmore v. Fabi,* 155 Mich.App. 333, 399 N.W.2d 520 (1986); *Miles v. City of Richmond,* 236 Va. 341, 373 S.E.2d 715 (1988), one who acts on behalf of another. *State*

*v. Superior Court,* 120 Ariz. 501, 504, 586 P.2d 1313, 1316 (App.1978).

Under the terms of the trust, a "personal representative" refers to a person in being who could not exercise the power of amendment. It must, therefore, refer to someone acting for or in place of the settlor, not an administrator or personal representative in probate, who could not under any circumstances amend or revoke the trust after the death of the settlor. The term therefore includes Patricia as her mother's attorney-in-fact.

As stated in the beginning of this decision, we affirm the trial court's finding that the power to amend was personal and non-delegable; we need not determine the correctness of the trial court's finding that the durable power of attorney did not authorize Patricia to amend the trust or remove the trustees, nor do we need to discuss Patricia's arguments that the trial court should have relied on parole and hearsay evidence to find Helen's intent regarding the execution of the power of attorney.

The trustees request an award for attorneys' fees incurred in the trial court and on appeal. The trial court has not refused to award attorneys' fees but has only disallowed the request until the conclusion of all pending matters. This was not an abuse of discretion, and we affirm the trial court's decision to await final disposition of all matters before deciding whether to award attorneys' fees, including attorneys' fees incurred in this appeal. The parties' requests for attorneys' fees on appeal are therefore denied.

FERNANDEZ and HOWARD, JJ., concur.