1999 OK CIV APP 50

**In The Matter of The GUARDIANSHIP of Dorris T. LEE, an incompetent person,**

**Charles E. Lee, Petitioner/Appellee,**

v.

**John Robert Lee, Respondent/Appellant.**

**No. 90,753.**

Court of Civil Appeals of Oklahoma, Division No. 3.

April 9, 1999.

Jesse J. Worten, III, P. Scott Buhlinger, Brewer, Worten & Robinett, Bartlesville, Oklahoma, for Appellant.

Donald E. Crane, Bartlesville, Oklahoma, for Appellee.

Opinion by LARRY E. JOPLIN, Judge:

¶ 1 Appellant John Robert Lee seeks review of the trial court's order granting the petition of Appellee Charles E. Lee to revoke a certain trust (the Trust) previously created by Dorris T. Lee (Settlor). In this appeal, Appellant asserts the trial court erred in authorizing Appellee, as holder of a power of attorney executed by Settlor and/or as her guardian, to exercise Settlor's power to revoke the Trust. We here hold the trial court erred as alleged. The order of the trial court should consequently be reversed, and the cause remanded for further proceedings.

¶ 2 On or about May 19, 1992, Settlor created a revocable living Trust, naming herself as trustor and trustee, and naming her son, Appellant, as successor trustee and beneficiary. On or about May 30, 1992, Settlor executed her Last Will and Testament, leaving her estate to the Trust. In 1994, Settlor executed a "General Durable Power of Attorney" naming another son, Appellee, as her attorney-in-fact, and granting him broad powers, but without specific powers vis-a-vis a trust.

¶ 3 In 1997, Oklahoma Department of Human Services through its Adult Protective Services Division commenced a guardianship proceeding, alleging Settlor's incapacity to manage her affairs and inability to meet her daily living needs. In June 1997, the trial court found Settlor incapacitated as alleged, and appointed Appellee as Settlor's temporary Guardian.

¶ 4 In September 1997, Appellee commenced the instant action, seeking appointment as Guardian of Settlor's person and estate. The trial court granted Appellee's application, taking judicial notice of the DHS action, and directed that the assets of Settlor's estate be "preserved pending further order of [the trial court] to be expended or used only when other available assets of [Settlor] have been exhausted or upon further

order of this Court." This order was not appealed.

¶ 5 The same month, Appellee petitioned the trial court to set aside the Trust, asserting the Trust to be the product of Appellant's undue influence, duress, and mental/physical abuse upon Settlor, and necessity for invasion of Trust assets to meet Settlor's needs. At hearing, the trial court considered only the single issue of Appellee's authority to revoke the Trust pursuant to his power of attorney. The trial court found that Settlor created the Trust for her own benefit during her lifetime; that Settlor specifically reserved to herself the right of revocation and amendment of the Trust in any respect; and that Settlor currently resided at a nursing home with income insufficient to meet her monthly needs. The trial court further found Settlor's appointment of Appellee as her attorney-in-fact, granting Appellee power to "act in all matters with respect to all powers described herein as freely, fully, and effectively as I could or might to personally if present and of sound and disposing mind" and "to act in my place in all matters," sufficiently broad to permit Appellee's revocation of the trust and marshaling of the Trust assets to be applied for the benefit of Settlor. The trial court certified the order as immediately appealable, and Appellant seeks review in this Court.

¶ 6 Upon Appellee's appointment as Settlor's guardian, Oklahoma statute granted Appellee, as guardian, both the authority and duty to retrieve assets from the Trust for Settlor's benefit and to the extent necessary to provide for Settlor's needs. 30 O.S.1991 §§ 3–118, 3–121. In the present case, however, the parties tender the issue of Appellee's power, as Settlor's guardian and attorney-in-fact, to amend the granted powers to add the power to revoke Settlor's Trust, specifically reserved to Settlor in the Trust instrument, and not specifically granted to Appellee in the power of attorney. The issue appears to be one of first impression, as we find no Oklahoma authority on-point. In this respect, the Uniform Durable Power of Attorney Act as adopted in Oklahoma provides:

> If, following execution of a durable power of attorney, a court of the principal's domicile appoints a conservator, guardian of the estate, or other fiduciary charged with the management of all of the principal's property or all of his property except specified exclusions, the attorney-in-fact is accountable to the fiduciary as well as to the principal. The fiduciary has the same power to revoke or amend the power of attorney that the principal would have had if he were not disabled or incapacitated.

58 O.S. § 1074(A).

¶ 7 In those jurisdictions where the issue has been addressed, the authority appears uniform that "[i]n the absence of express direction to the contrary, the power to revoke is personal to the settlor, when reserved to him, and does not pass to his successors in interest on his death, nor is it transferable by him. Bogert, The Law of Trusts and Trustees § 1000 at 322 (2d ed.1962); *Weatherly v. Byrd,* 566 S.W.2d 292, 293 (Tex.1978); *Webb v. St. Louis County National Bank,* 551 S.W.2d 869, 878 (Mo. App.1977); *Matter of Schroll,* 297 N.W.2d 282, 284 (Minn.1980)." *Matter of Marital Trust under John W. Murphey and Helen G. Murphey Trust,* 169 Ariz. 443, 819 P.2d 1029, 1030 (App.1991). See also, e.g., *Jones v. Clifton,* 101 U.S. 225, 11 Otto 225, 25 L.Ed. 908 (1879). Thus, a trust reserving solely unto settlor the power to revoke becomes irrevocable upon the settlor's incapacity, notwithstanding execution of an otherwise general, durable power of attorney, where the trust and power evince the settlor's intent that the revocation power be personal to the settlor. *Kline By and Through Kline v. Utah Dept. of Health,* 776 P.2d 57, 63 (Ut. App.1989).

¶ 8 We find the reasoning of these cases persuasive and applicable in the present case. That is, considering the Trust document together with Settlor's appointment of Appellee as her attorney-in-fact, it appears clear to us that Settlor in the present case, by omission of any reference to the Trust in the appointment of her attorney-in-fact, intended to reserve solely unto herself the power to revoke the Trust. Further, and under the above-cited authorities, upon adjudication of Settlor's incapacity to manage her own affairs and appointment of Appellee as

her guardian, it appears equally clear that the Trust became irrevocable. In this respect, we are unwilling to hold that 58 O.S. § 1074(A) extends to permit a guardian to amend or modify the power of attorney to grant the power to revoke a trust where the settlor/ward has expressly reserved the power of revocation. To hold otherwise would allow a guardian and attorney-in-fact to frustrate the intent of the settlor/ward, who in "a scheme of testamentary disposition" contemporaneously executes a trust and pour-over will, first by amendment of the granted powers to accord the attorney-in-fact the power to revoke the trust withheld by the settlor, and second by exercise of the power to revoke the trust such that "[t]he will without the trust has no meaning or value to the decedent's estate plan." *Miller v. First National Bank & Trust Co.*, 1981 OK 133, ¶ 9, 637 P.2d 75, 78. We consequently hold the trial court erred in approving Appellee's revocation of the Trust.

¶ 9 That said, however, we note that because the trial court permitted revocation of the Trust, the trial court never reached the remaining issues of Appellant's alleged undue influence, duress, and mental/physical abuse upon Settlor. Because we now hold the trial court erred in permitting revocation of the

Trust by Appellee, we further hold the cause must be remanded to the trial court for further proceedings on Appellee's alternate grounds for recovery as alleged in his petition.

¶ 10 The order of the trial court is accordingly REVERSED, and the cause REMANDED FOR FURTHER PROCEEDINGS.

BUETTNER, P.J., concurs.

GARRETT, J., dissenting:

¶ 1 This opinion, in my view, rejects the purpose which was sought to be accomplished by the Legislature authorizing a durable power of attorney. The fact that many persons become incompetent in the latter part of their lifetime was the reason for the creation of a durable power of attorney. A durable power of attorney survives incompetence. I respectfully dissent.