■ In the Matter of JOHN A. RICE, JR., as Executor of JOHN A. RICE, SR., Deceased, Petitioner, v ANTONIA C. NOVELLO, as Commissioner of Health, Respondent. [808 NYS2d 486]—

Rose, J. Proceeding pursuant to article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied decedent's application for medical assistance.

Several months before he died in December 2004, petitioner's decedent applied to the Delaware County Department of Social Services (hereinafter DSS) for Medicaid assistance for his nursing home expenses. Finding that a revocable trust established by decedent in 2001 had not been converted into an irrevocable trust despite the execution of an amendment to that effect by decedent's daughter under a power of attorney in February 2002, DSS attributed the income of the trust to decedent and denied his application. Decedent then executed a document ratifying the amendment signed by his daughter and requested a fair hearing to contest DSS's attribution of the trust income. Following the hearing, respondent held that the terms of the revocable trust clearly precluded amendment through an agent

such as decedent's daughter and confirmed the denial of Medicaid benefits. Petitioner commenced this CPLR article 78 proceeding seeking to annul respondent's determination.

There is essentially no dispute as to the facts, and this proceeding concerns only the interpretation of the terms of decedent's trust and the legal effect of the actions of decedent and his daughter. Accordingly, it does not present an issue of substantial evidence and was improperly transferred to this Court (*see Matter of Metropolitan Taxicab Bd. of Trade v Boardman*, 270 AD2d 633, 634 [2000]). In the interest of judicial economy, however, we will review it (*see id.*).

Petitioner initially contends that DSS lacked "standing" to challenge the validity of the trust amendment. We disagree. DSS had statutory authority to determine whether decedent's trust was irrevocable and, thus, whether it could be considered an asset of decedent (*see* Social Services Law § 366 [2]). Inasmuch as Medicaid is considered the payor of last resort and all other available resources must be used before Medicaid (*see Oxenhorn v Fleet Trust Co.*, 94 NY2d 110, 114 [1999]; *Matter of Commissioner of Social Servs. of Franklin County v Bernard B.*, 87 NY2d 61, 68 [1995]), decedent's application for Medicaid benefits required DSS to determine the nature of the trust (*see* 18 NYCRR 360-4.5). Even if the matter were before a court, DSS would have standing to seek a declaration as to the validity of the amendment (*see Matter of Rhodes*, 148 Misc 2d 744, 746-747 [1990]; *Matter of Vizzie*, 120 Misc 2d 161, 163 [1983]).

Nor can we agree with petitioner's contention that the execution of the trust amendment by decedent's daughter, as his attorney-in-fact, was effective despite the trust's explicit provision that it could not be amended by "an agent, a guardian or a conservator." The relationship between an attorney-in-fact and her principal is that of agent and principal (*see Semmler v Naples*, 166 AD2d 751, 752 [1990], *appeal dismissed* 77 NY2d 936 [1991]). To the extent permitted by law and the terms of the power of attorney, an attorney-in-fact may act for her principal in all matters that do not require the principal to act for himself (*see Zaubler v Picone*, 100 AD2d 620, 621 [1984]). Here, the revocable trust document unambiguously required decedent to act for himself in order to accomplish an amendment and denied him the ability to amend the trust through an agent.

We are also unpersuaded by petitioner's argument that the amendment became effective retroactively when decedent ratified the earlier, unauthorized amendment in writing on July 13, 2004, five days after DSS denied his application for Medicaid

benefits. While express ratification may relate back and supply the authority originally lacking when an agent purportedly acted on the principal's behalf (*see Rocky Point Props. v Sear-Brown Group*, 295 AD2d 911, 913 [2002]), it is not retroactively effective when the rights or interests of a third party have intervened (*see McKenzie v Irving Trust Co.*, 292 NY 347, 358 [1944], *affd* 323 US 365 [1945]; *Rosner v Caplow*, 90 AD2d 44, 48 n 2 [1982], *affd* 60 NY2d 880 [1983]; *Pape v Home Ins. Co.*, 139 F2d 231, 235 [2d Cir 1943]; *see also* Restatement [Third] of Agency § 4.05 [Tentative Draft No. 2]). Here, upon determining that decedent was ineligible for Medicaid benefits, DSS's right to deny benefits intervened between the attempted amendment in 2002 and the ratification in 2004. Thus, the ratification could have no retroactive effect for purposes of decedent's Medicaid application and DSS's denial thereof.

We have considered petitioner's remaining contentions, including his claim that as the trustee of the irrevocable trust his interpretation of the amendment as valid should be controlling, and find them to be equally without merit.

Crew III, J.P., Carpinello and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.