972 So.2d 927 (2008)
Rose GURFINKEL, etc., et al., Appellants,
v.
JOSI, a/k/a Joseph Marmor, etc., et al., Appellees.
No. 3D06-1616.
District Court of Appeal of Florida, Third District.
December 12, 2007.
Rehearing Denied February 7, 2008.
Shutts & Bowen and William Jay Palmer and Steven M. Ebner, Miami, for appellants.
Sheldon Zipkin, for appellees.
Before SHEPHERD, SUAREZ and ROTHENBERG, JJ.
SHEPHERD, J.
Rose Gurfinkel and Stuart Marmor, co-Trustees of Goldie Marmor's (their mother) Revocable Trust, appeal a final summary judgment in which the trial court approved an amendment made to the Trust during Goldie's lifetime by her husband, *928 Marten Marmor, under color of a durable power of attorney. We conclude the trust clearly and unambiguously prohibits the action taken by Marten and accordingly, reverse the judgment on appeal.

I. Factual Background and Procedural History
On June 30, 1998, Goldie Marmor, the wife of Marten Marmor and mother of Rose Gurfinkel, Stuart Marmor, and Josi a/k/a Joseph Marmor, executed the Goldie Marmor Revocable Trust (the Trust), appointing her husband as Trustee. The primary asset placed into the Trust was twenty-five shares of stock in Marmor 163-164, Inc. In Article VI of the Trust, Goldie reserved to herself the right "to revoke," "to amend," or "to withdraw" assets from the Trust during her lifetime. She further directed that the Marmor 163-164, Inc. stock be distributed to Rose upon Goldie's death. When Goldie signed the Trust she simultaneously executed a Durable Power of Attorney, appointing Marten to act as the attorney-in-fact. See § 709.08(1), Fla. Stat. (1999).
On April 12, 2000, purporting to act under the Durable Power of Attorney, Marten executed an amendment to the Trust, which "deleted" the stock from the Trust. He then transferred the stock to Josi. In 2001, Marten became incapacitated and the three children succeeded him as co-trustees of the Trust. On December 4, 2003, Goldie died, and this action over the propriety of the amendment ensued.
Appellants, Rose and Stuart, contend here, as they did in the trial court, that their father's purported amendment to the Trust is prohibited by Article VI, "Lifetime Reservations by the Grantor." Article VI, Paragraph E, states, "Neither the conservator nor the guardian of the grantor, nor any person other than the grantor except as otherwise provided in this item, may exercise any of the rights reserved to the grantor by the provisions of this item." (Emphasis added.)
Appellants' brother, Josi, counters that Paragraph 16 of the Durable Power of Attorney authorized Marten to amend the Trust to delete the stock from the Trust during Goldie's lifetime. Paragraph 16 gave to Marten, as attorney-in-fact, the power to:
Transfer and convey to the trustee or trustees then acting under any revocable trust agreement executed by me (regardless of whether such trust agreement was executed or amended prior to or subsequent to the date hereof . . .) any and all assets, real or personal, now or at any time hereafter standing in my name. . . . This shall include the power to' transfer the same into the names of any nominee or nominees as such trustee or trustees shall direct (even into the names of person or firms which would not cause the ownership of public record to appear as being in the name of such trust).
(Emphasis added.)
We conclude, contrary to the trial court, that the language of the Trust controls.

II. Analysis
We review an order granting summary judgment de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). In Florida, "a valid trust once created, cannot be revoked or altered except by the exercise of a reserved power to do so." MacFarlane v. First Nat'l Bank of Miami, 203 So.2d 57, 60 (Fla. 3d DCA 1967). Furthermore, the exercise of a power to revoke or amend a trust must be done in strict conformity with the terms expressed in the instrument. Id; Euart v. Yoakley, 456 So.2d 1327, 1328 (Fla. 4th DCA 1984) ("If a method for the exercise of a power of revocation is set out in the trust agreement, *929 then the power must be exercised in strict conformity to its terms.").
In this case, the Trust expressly reserves the right to amend or withdraw assets from the Trust to the grantor. Article. VI, Paragraph E, further prohibits any "conservator," "guardian," or "any other person" from exercising these rights during the lifetime of the grantor. (Emphasis added.) The language of the reservation and prohibition in this case are very similar to those considered by the First District Court of Appeal in Mann v. Cooke, 624 So.2d 785, 786-87 (Fla. 1st DCA 1993). Although the prohibition in Mann also included an "attorney-in-fact" among those prohibited from exercising the rights of the grantor during his lifetime,[1] we find that to be a distinction without a difference. As in Mann, we conclude the prohibition in this case "unambiguously provides that the holder of a durable power of attorney cannot withdraw trust funds." Id. at 787; Marital Trust Under John W. Murphey & Helen G. Murphey Trust v. John & Helen Murphey Found., 169 Ariz. 443, 819 P.2d 1029, 1029 (1991) (concluding that provision of amended trust indenture that "[t]he powers reserved by the settlors, . . . [to amend or revoke trust] are personal and shall not be exercisable by any guardian or other personal representative" precluded effort by attorney-in-fact to modify the indenture); Muller v. Bank of Am., N.A., 28 Kan.App.2d 136, 12 P.3d 899, 901 (2000) (holding that absence of specific authorization to attorney-in-fact in reservation of rights in trust instrument executed by grantor after power of attorney in which grantor reserved to herself "the right to withdraw all or any portion of the trust estate [during her lifetime]" precluded attorney-in-fact from withdrawing assets from trust); Rice v. Novella 25 A.D.3d 992, 808 N.Y.S.2d 486, 488 (N.Y.App.Div.2006) (finding that provision of trust that stated "it could not be amended `by an agent, a guardian or a conservator'" precluded effort by attorney-in-fact to modify the trust); In re Goetz, 8 Misc.3d 200, 793 N.Y.S.2d 318, 322 (N.Y.Surr.Ct.2005) (finding "void and ineffective" an attempted amendment by attorney-in-fact to revocable trust not expressly authorized in the trust document); Weatherly v. Byrd, 566 S.W.2d 292, 293 (Tex.1978) ("[T]he right to revoke a revocable trust, absent an agreement to the contrary, is a purely personal right of the settlor and does not vest in [a] guardian.").
Josi argues that Paragraph 16 of the Durable Power of Attorney condones his father's attempt to amend the Trust. We disagree. Just as the power to revoke or amend a trust must be exercised in strict conformity with the terms expressed in the instrument, see MacFarlane, 203 So.2d at 60, authorizations conferred through powers of attorney likewise must strictly conform. See § 709.08(7)(b)(5), Fla. Stat. (1999) (providing that an attorney-in-fact acting under a Durable Power of Attorney may not "[c]reate, amend, modify, or revoke any document or other disposition effective at the principal's death or transfer assets to an existing trust created by the principal unless expressly authorized by the power of attorney. . . .") (emphasis added); James v. James, 843 So.2d 304, 308 (Fla. 5th DCA 2003) ("In general, an agent cannot make gifts of his principal's property to himself or others unless it is expressly authorized in the power.") (emphasis added); Vaughn v. Batchelder, 633 So.2d 526, 528 (Fla. 2d DCA 1994); Kotsch v. Kotsch, 608 So.2d 879, 880 (Fla. 2d DCA *930 1992); De Bueno v. Alejandro Bueno Castro, A.B.P., Inc., 543 So.2d 393, 394 (Fla. 4th DCA 1989); Bloom v. Weiser, 348 So.2d 651, 653 (Fla. 3d DCA 1977) ("[T]he instrument will be held to grant only those powers which are specified."). Examining the provision of the Durable Power of Attorney relied upon by josi in this case, it appears to us that, at most, it authorized Marten to transfer funds into the Trust. We find no conflict, ambiguity, or inconsistency in the language of the provisions before us. See Mann, 624 So.2d at 787 (finding no conflict among provisions where, unlike in the instant case, the power of attorney not only prohibited withdrawals from the trust, but also more broadly empowered the attorney-in-fact to "do anything regarding my estate, property and affairs that I could do myself[]").
We therefore reverse the order under review and remand for proceedings consistent with this opinion.
NOTES
[1] The prohibition treated in Mann reads: "Neither a conservator, attorney in fact, nor a guardian of the Grantor, nor any person other than Grantor may exercise any of the rights reserved to Grantor by the provisions of this Article." Mann, 624 So.2d at 787 (emphasis added).